161794 NantKwest v. Lee. Technically you should be switching over, but that's okay. We like that place better. Good morning. May it please the Chair, it's a pleasure to be here. The Court, Janie Lilley for the Patent and Trademark Office. Your Honors, Section 145 provides... But this case doesn't depend at all on the outcome of the first case, right? No, Your Honor. Plaintiff's obligation to pay for the expenses of the proceeding does not depend on its success, on the merits of its action. In fact, Congress provided in Section 145 that a plaintiff must pay all the expenses of the proceeding, regardless of whether it prevails on the merits. What's the difference? You know, there's a disagreement as to whether or not the American rule applies in this circumstance, and you all take the position that it doesn't, but even if it did, it doesn't make any difference. In your view, is there a different standard that's applied if we conclude the American rule does apply in this circumstance? Is there a different standard that applies in terms of the requirement of specificity or clarity? Your Honor, the American rule requires a heightened statement of clarity where it applies. As you've pointed out, we argue that it doesn't apply to a unilateral compensatory fee like Congress imposed in Section 145. But as Your Honor pointed out, we think that the language here is clear. Plaintiff has provided no explanation for why the language, all expenses of the proceeding, should mean only some of the expenses of the proceeding or part of the expenses. It presumes that expenses includes attorney fees, right? I mean, if it said all costs of the proceedings, I presume you wouldn't be sitting here arguing that that includes attorney fees, or maybe you would. I don't – all doesn't seem to be the emphasis that you need here. You seem to need to show that expenses include attorney fees. Yes, Your Honor, and plaintiff doesn't meaningfully dispute that the ordinary meaning of the term expenses includes personnel expenses that are expended. We cited dictionary definitions in our brief that shows that expenses is normally used to encompass – You're saying your adversary agrees that expenses includes attorney fees? It cannot point to any sort of textual or dictionary definition that shows that expenses excludes personnel expenses, and the Supreme Court has made precisely this point in making the distinction, Your Honor. What about the statutes that are cited by the dissent in Seamus? There's a number of different statutes that are cited there that say attorney fees, comma – I mean, excuse me, expenses, comma, including attorney fees. Precisely, Your Honor. Or expenses and attorney fees, or expenses, comma, attorney fees. What do we derive from that? Do we derive that Congress doesn't think that expenses always includes attorney fees? It seems to, in other statutes, always specify that there's attorney fees. The fact that it has to say expenses, comma, including attorney fees, doesn't that suggest that the language attorney fees would be superfluous? Well, Your Honor, two responses. First, those make precisely the point that the term expenses includes attorney fees. Plaintiff has not pointed to any examples where the term expenses excludes personnel expenses. And, of course, we argue that these are not attorney fees, but here Congress specified that of the expenses, even if there were any ambiguity, it's clarified by the term all expenses. As the Supreme Court has said in Taniguchi and Arlington Central School Board, the term expenses is an open-ended, broad term that would encompass litigation expenses of attorneys, Your Honor. And Congress clarified not that it meant some of those, but all of those. Here it would have been odd when Congress is thinking about the litigation expenses associated with an agency like the Patent and Trademark Office to use the phrase attorney's fees, which connotes market rate private attorney's fees. Instead, it clarified that it meant the expenses of the proceeding that included all of those, including the personnel and labor expended by the agency. I do not agree. You're resting on the distinction between attorney's fees and personnel expenses because wouldn't your position be that it's all the same thing, that all expenses does include attorney's fees? What if the Patent Office, for example, were to contract out services to a law firm? Are you arguing that the reason you prevail here is because the personnel expenses that were obligated were not attorney's fees? Your Honor, I think our point is that the term personnel expense or the term expenses includes personnel expenses. And here where you're talking about the agency's expenses that were used to defend the action that plaintiff elected. Does the term all expenses include attorney's fees? Your Honor, in this case where we're talking about the expenses of the Patent and Trademark Office. If they hired somebody else, a private lawyer to do it, would that be included in expenses also? Would all expenses include attorney's fees in that? Because the Patent Office hires an outside lawyer to litigate the case. In the theoretical case that they had the authority to do so, all expenses could include attorney's fees. We're saying that it would overcome the clear statement presumption of the American rule. Yes, Your Honor. Would it or could it? I'm sorry, I couldn't tell what your position was because you changed to could and I wasn't sure what that meant. I'm sorry if I were unclear, Your Honor. The phrase all expenses of the proceeding overcomes the clear statement rule of the American rule. And so it would overcome in the case in which the PTO could have hired outside counsel, which didn't hear and it's not clear whether PTO would have such authority. But our position is the phrase all expenses overcomes the clear statement rule of the American rule and would include attorney's fees in that hypothetical case. Okay. Are you aware of any cases other than the Shamus case where a court has found that the term expenses includes attorney fees? Specifically, like looking at a statute that had the word expenses in it. Not a situation where the court is just using the word expenses broadly. Well, I would point to the examples that Your Honor gave earlier where the statutes specify that expenses include attorney fees. Let me back up. A situation where a statute says expenses only. It doesn't say anything about attorney's fees. Your Honor, I'm not aware of cases where the term expenses has been construed in the abstract or certainly not an example of the disconnected from the phrase attorney's fees. But here we have not only the phrase expenses but all expenses and we have no examples of a case in which expenses have been interpreted to exclude personnel expenses like the PTO is claiming here. I don't understand why you place so much emphasis on the word all. If the statute had just said they pay the expenses incurred, would there be a difference between all the expenses and less than all of the expenses? Your Honor, I think that the term and its ordinary meaning expenses, as you point out, includes the expenses of the proceeding. But Congress made it triply clear by using the phrase all expenses of the proceeding. Can I ask a question? This more goes to your friend on the other side and I plan to ask him about this as well. But in two of the Supreme Court cases, as I understand it, Arlington and the West Virginia case, those dealt with expert fees. And it seemed to me that the same rules would apply to expert fees as they applied to attorney's fees, at least in terms of the American rule. So it's a little odd to me. Is it inconsistent for the district court judge to have parsed out and differentiated between allowing expert fees here and not attorney's fees? With respect to the American rule? Yeah. Your Honor, plaintiffs do not dispute that the term expenses includes expert witness expenses and presumably that's why that was not in dispute. I think the question is, is it inconsistent to treat them differently? If expenses includes expert witness fees, doesn't that suggest that it also includes attorney's fees? Well, the term expenses is capacious and includes both expenses. It would stand to reason that and sort of textually that the term expenses would include both expert witness fees and personnel and attorney expenses. Yes, Your Honor. I see the court has no more questions. I reserve the balance of my time for rebuttal. May it please the court? Helen, hi, Eric. So the main thrust of the PTO's argument is that the American rule doesn't apply here because according to the PTO, the American rule is only concerned with statutes that would shift fees to a prevailing party. Well, let's skip that. Let's skip over that. Let's assume for purposes of the argument that the American rule does apply. Why is not the term expenses? What do you point to other than perhaps a whole bunch of historical statutes, all of which use different terminology? Other than that, what can you point to to say that expenses is not intended to include attorney's fees? So the first thing is that under the PTO's construction, if expenses includes attorney's fees without regard to winners or losers here, then the PTO would be entitled to their attorney's fees in cases that the patentee prevailed in. And the Baker-Botts case, the Baker-Botts case of the Supreme Court, states that interpreting a proposed fee-shifting statute that would award the loser fees would be, quote, a particularly unusual deviation of the American rule. So right out of the gate, they have a problem there. That suggests that the American rule applies in a situation in which it's not a prevailing party test. But are you arguing that the statute has to use the word attorney's fees to achieve fee-shifting? No. What would be an example of the kind of language other than attorney's fees that would do the fee-shifting? Sure. Well, in Baker-Botts, the statute there talked of reasonable compensation for a number of professionals. An attorney was included among them. And Baker-Botts suggested that the term litigation costs would include attorney's fees too, right? The term litigation costs? Yes. So I believe – I don't recall that particular aspect of Baker-Botts, to be honest. Well, it talks about statutes. They tend to authorize the award of reasonable attorney's fees or litigation costs, thus suggesting that litigation costs would include attorney's fees. I don't think that the term litigation costs standing alone would meet the explicit and specific requirement that the American rule mandates. So your view is that they had to use the term attorney's fees? No. They have to use an equivalent term like reasonable compensation for attorneys in the Baker-Botts case. Well, that's the same as attorney's fees, isn't it? So, okay, I mean, there's no magic – my point is there's no magic language. Well, what would be sufficient other than talking about attorney's fees specifically? Well, I think it does have to be specific. It has to use the word attorneys. Well, counsel, you know, we see all these statutes, the dissent, and Seamus cited them, where Congress is very specific. And when it wants to award attorney's fees, it does so very explicitly. It doesn't simply rely on the term expenses, but it says expenses including attorney's fees or expenses and attorney's fees in Title 35. So if they say – if a statute uses the term expenses including attorney's fees and another statute just says expenses, you're construing the congressional use of the phrase including attorney's fees to mean that if you don't specify attorney's fees, they are not included in expenses? That's what you derive from those statutes? Yes, Your Honor. So if you say expenses including attorney's fees, doesn't that suggest that attorney's fees are included under the rubric of expenses? I don't think so, Your Honor, because Congress has passed statutes that both use expenses including attorney's fees as well as expenses and attorney's fees. So what we can gather from that is that on its own, the term expenses is simply ambiguous. And we know that the American rule is not overcome by ambiguous language. But didn't the Supreme Court in Arlington and Yamaguchi suggest that expenses includes attorney's fees? No, Your Honor. In Arlington, for example, the issue was whether expert fees were part of costs. The statute there explicitly provided for attorney's fees. So the question for the… Well, I understand that the holding was not, but the language of Arlington and the language of Taniguchi suggests, doesn't it, that attorney's fees comes within expenses? So we would disagree with that, Your Honor. We think that expenses standing alone is ambiguous. These cases were addressing a different issue. How far do you – what is covered by costs? Taniguchi noted that costs have a very specific definition under the federal rules of civil procedure. So those cases really deal with a very different set of issues. Well, what if we were looking at Arlington and also at the West Virginia case? Do you know what I mean? I forget what it's called. But it also dealt with actually expert witness fees. But my reading of those cases, repeatedly in those cases, the Supreme Court used the term expenses to include attorney's fees. They called out the example of what attorney's fees is, and they did it under expenses, including attorney's fees and expert witness fees. So why isn't that – I mean, that's not the holding in the case. But if we discern clearly from Supreme Court cases that that's the way the Supreme Court uses the term, Black's Law Dictionary uses the term that way, Wright and Miller uses the term that way, what do you have on the other side of that? Well, first of all, the court wasn't saying that expenses is so explicit and specific enough to overcome the American rule. So at most from those cases, we can gather from dicta that in some context, the term expenses can include attorney's fees. But here we have this heightened standard. Don't you think it's a fair reading to say that the Supreme Court construes the word expenses to include attorney's fees and expert witness fees? Don't you think that's a fair reading of what they were saying? I would disagree with that specific characterization, Your Honor. I think it's fair to say that in some context, the Supreme Court has used expenses in a manner that encompasses attorney's fees. But I don't think that these cases stand for the proposition that the Supreme Court has defined expenses to include attorney's fees, much less to have done so in a way that overcomes the American rule. In Baker Botts, the Supreme Court said reasonable compensation, standing alone, wouldn't overcome the presumption of the American rule. And then on top of all of this, including the unusual deviation of the American rule that the PTO is advocating here, we have the PTO's 170-plus year practice of not seeking its attorney's fees. Well, why is that relevant? They don't have Chevron authority to construe the statute, right? That's correct. Yes, Your Honor. But it's relevant because we're asking the question here, is expenses specific and explicitly covering attorney's fees? So the fact that the PTO hasn't sought to get its… How many cases does it have a year that come under 145? Not many, but there's certainly examples throughout that 170-year period. There's the Robertson case from the Fourth Circuit where the PTO sought its travel expenses for deposition, but specifically did not request attorney's fees. This practice, I'd submit, is also relevant to the question of whether this is specific and explicit enough. If it were, why hasn't the PTO been doing this for all these years? Well, there's only a handful of cases. Maybe it's not as significant as if there have been hundreds of cases. So there certainly are not many of these cases, but there's no indication that they've ever sought their fees prior to just a few years ago. Thank you very much. Could you address that question about 145 actions, how frequent they are? Maybe how many there have been in the last 20, 40 years? In the last 20 or 40 years? I don't know if you can give any view on the quantity of 145 actions. It was my impression there was more than four or five of them. More than four or five in the last 20 years? I would think so. That would stand to reason, Your Honor. Do you have that knowledge? I don't have that number in front of me, but it seems safe to assume that there have been more than four or five in the last 20 years, if that is Your Honor's question. Do you think there's more than four or five in the last three years? Yes, Your Honor. I think we cited three cases in our brief, 145 actions in the last three years in our reply brief. Yes, Your Honor. Seeing no further questions, we ask that the decision of the district court be reversed. Thank you. We thank both sides, and the case is submitted.